**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 02-50590
Summary Calendar
_____

WAYNE R. ANDERSON,

Plaintiff-Appellant,

versus

JACK V. STRICKLAND; JACK MARSHALL;
ROBERT M. ROLLER; NANCY S. FULLER;
ROBERT E. VALDEZ; WALTER STEELE;
DONATO RAMOS; JULIE E. VAUHGAN;
U. LAWRENCE BOZE; ALBERT WITCHER;
THE BOARD OF LAW EXAMINERS
FOR THE STATE OF TEXAS; STATE OF TEXAS,

Defendants-Appellees.

---------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-02-CV-97-SS
---------------------------------------------------------
January 6, 2003

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Anderson appeals the district court's pretrial dismissal of his 42 U.S.C. § 1983 civil rights

action on various grounds. As a threshold matter, Anderson asserts that the district court's dismissal

of his claims against the members of the Board of Law Examiners for the State of Texas ("the

Board") on immunity grounds and for failure to state a claim did not constitute a dismissal of his

claims against Jack Marshall. However, the district court's judgment made clear that Marshall was

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

included among those individual defendants who were dismissed on immunity grounds and for failure to state a claim. Furthermore, whether a Board member or not, Marshall was clearly a governmental officer serving as an agent of the Board and, thus, Anderson's claims against Marshall in his official capacity for nonprospective relief constituted claims against the Board itself. See Burge v. Parish of St. Tammany, 187 F.3d 452, 468 (5th Cir. 1999); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 n.10 (1989). Anderson does not assert in this appeal that the district court erred in dismissing his claims against the State of Texas, the Board, and the Board members in their official capacities (except with respect to claims for prospective relief). Anderson has therefore abandoned any challenge to the dismissal of those claims. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

"To plead a constitutional claim for relief under [42 U.S.C. § 1983, [a plaintiff must] allege a violation of a right secured . . . by the Constitution or laws of the United States . . . ." Johnson v. Dallas Indep. Sch. Dist., 38 F.3d 198, 200 (5th Cir. 1994). In the instant case, Anderson failed to allege that the defendants excluded him from the practice of law in violation of his due process rights, as his complaint did not assert that he filed with the Board a formal application to take the Texas bar examination, which would have triggered the due process protections of the Rules Governing Admission to the Bar of Texas. See Schware v. Bd. of Bar Exam. of State of New Mexico, 353 U.S. 232, 238-39 (1957). Given his failure to assert that the defendants denied a formal application by him to take the Texas bar examination, Anderson's complaint did not allege a violation of his right against cruel and unusual punishment. See Austin v. United States, 509 U.S. 602, 609 (1993). Since Anderson's complaint failed to allege that a Texas citizen in his situation would be exempt from the requirements to which he was subject, Anderson failed to state a claim under the Privileges and Immunities clause. See Cramer v. Skinner, 931 F.2d 1020, 1030 n.7 (5th Cir. 1991). Anderson's complaint did not assert that the defendants penalized him for leaving Kansas and taking up residence in Texas, and, thus, Anderson failed to allege a violation of his constitutional right to travel. See Jones v. Helms, 452 U.S. 412, 418 (1981). Finally, Anderson's summary and conclusional assertion

that the defendants' actions were motivated by gender bias was insufficient to state an equal protection claim.  See Piotrowski v. City of Houston, 237 F.3d 567, 578 n.15 (5th Cir.), cert. denied, 122 S. Ct. 53 (2001); Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993).

Because Anderson's 42 U.S.C. § 1983 complaint failed to state a constitutional claim, the district court did not err in dismissing Anderson's claims against the individual defendants in their official capacities for prospective relief and against the individual defendants in their personal capacities.  See FED. R. CIV. P. 12(b)(6); Sojourner T. v. Edwards, (5th Cir. 1991) (holding that court of appeals may affirm district court's judgment on any ground supported by the record).  The judgment of the district court is AFFIRMED.